LATHAM & WATKINS LLP
    Daniel M. Wall (Bar No. 102580)
    *dan.wall@lw.com*
    Timothy L. O'Mara (Bar No. 212731)
    *tim.o'mara@lw.com*
    Sarah Ray (Bar No. 229670)
    *sarah.ray@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095

*Attorneys for Defendant*
*Mercury Payment Systems, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND JUDICIAL DISTRICT

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY PAYMENT SYSTEMS, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 4:14-cv-00437 CW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## RECITALS

WHEREAS, the following factors outweigh any interests of potential third parties in obtaining access to discovery materials, and support a finding that "good cause" exists for issuing a Protective Order: (1) disclosure of trade secrets or other proprietary business information contained in discovery will violate the interests of the Parties; (2) no litigant is a public entity or official; and (3) the sharing of information between litigants will promote fairness and efficiency; and

WHEREAS, the Parties (as defined below) stipulate and agree that some of the materials to be produced and exchanged—and some of the testimony to be given during the

course of discovery—may contain confidential and highly confidential information pertaining to trade secrets and other proprietary business information that could prove harmful to the Parties if disseminated or published.

NOW, THEREFORE, Counsel for the Parties in the above-referenced action hereby submit this Proposed Stipulated Protective Order in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that such protection is afforded only to material so entitled.   Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the Parties agree and stipulate that the following provisions shall govern the pretrial disclosure and use of all documents, electronically stored information ("ESI"), testimony, and other information produced during the course of discovery.

## DEFINITIONS

Capitalized terms shall have the meanings ascribed to them in this Definitions Section:

1.      "Challenging Party" means a Party or non-party that challenges the Confidentiality Designation of information or Documents under this Order.

2.      "Confidential" means Discovery Material (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c).

3.      "Confidentiality Designation" means the Document's designation as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Only pursuant to this Order.

4.      "Counsel" (without qualifier) means Outside Counsel and In House Counsel, collectively, as well as their support staffs.

5.      "Court" means the United States District Court for the Northern District of California or, if the Litigation is transferred, the United States District Court for the District of Colorado.

6.      "Designating Party" means a Party or non-party that designates Discovery Material as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Only.

7. "Discovery Material" means all information, regardless of the medium or manner generated, stored, or maintained—including (without limitation) Documents, testimony, transcripts, or tangible things—that is produced in, or created for the purpose of, disclosures or responses to discovery in this Litigation.

8. "Document" carries its broadest meaning consistent with Federal Rule of Civil Procedure 34, and includes both ESI and paper or hard copy documents.

9. "Expert" or "Consultant" means a person who has specialized knowledge or experience in a matter pertinent to the Litigation—including his or her employees and support personnel, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses—who has been retained by a Party or its Counsel to serve as an expert witness or a consultant, including without limitation a professional jury or trial consultant retained in connection with this Litigation.

10. "Highly Confidential – Attorneys' Eyes Only" means highly-sensitive Confidential Discovery Material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

11. "Highly Confidential – Outside Counsel Only" means Confidential Discovery Material that a Producing Party believes to be of an especially highly-sensitive commercial nature, and includes proprietary business and financial information, trade secrets, and competitively confidential research or development information—including, but not limited to, Documents or testimony reflecting, containing, or derived from the Producing Party's confidential contracts and agreements, revenues and profits, pricing, pricing strategies and decisions, marketing strategies and decisions, strategies and decisions regarding its products and services, and customer lists and other customer identifying information—where disclosure of that information to the Producing Party's competitors, suppliers, or customers could injure the producing party in the operation of its business.

12. "In House Counsel" means attorneys, paralegals, and other legal department personnel who are employees of a Party involved in the prosecution or defense of this Litigation.

13.     "Litigation" means the above-captioned litigation, *Heartland Payment Systems, Inc. v. Mercury Payment Systems, LLC*, Case No. 4:14-cv-00437.

14.     "Litigation Consultants and Support Personnel" means consultants and/or other litigation support personnel (and their employees) who are engaged to assist in the preparation and evaluation of the Litigation, or to provide technical or logistical support (e.g., photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations; collecting, organizing, storing, retrieving data in any form or medium) in connection with the Litigation.

15.     "Order" means this Proposed Stipulated Protective Order.

16.     "Outside Counsel" means attorneys, paralegals, and their litigation support personnel who are not employees of a Party, but who are retained to represent a Party in this Litigation, and whose firms have executed this Order.

17.     "Party" or "Parties" means any named party to this Litigation—including all of its officers, directors, and employees—collectively or individually.

18.     "Producing Party" means a Party or non-party that produces Discovery Material in this Litigation.

19.     "Protected Material" means any Discovery Material that is designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Only.

20.     "Receiving Party" means a Party or non-party that receives Discovery Material from a Producing Party in this Litigation.

21.     The use of the singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

### LIMITATIONS ON THE USE OF PROTECTED MATERIAL

22.     Subject to paragraphs 24 and 43, a Receiving Party may only use Protected Material in connection with, and as necessary for, (a) the preparation and trial of this Litigation, (b) any related appellate proceedings, or (c) any efforts to mediate or settle this Litigation.   Protected Material may not be used for any other purpose, including (without

1  limitation) any other litigation or any business, competitive, personal, governmental, or other

2  purpose.

3      23.    The protections conferred by this Order cover not only Protected Material, but

4  also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts,

5  summaries, or compilations of Protected Material; and (c) any testimony, conversations, or

6  presentations by Parties or their Counsel that might reveal Protected Material.

7      24.    However, the protections outlined in this Order do not cover the following

8  information: (a) the Producing Party's own information, (b) any information that is in the public

9  domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after

10  its disclosure to a Receiving Party as a result of publication not involving a violation of this

11  Order, including becoming part of the public record through trial or otherwise; and (c) any

12  information known to the Receiving Party prior to the disclosure, or obtained by the Receiving

13  Party after the disclosure, from a source who obtained the information lawfully and under no

14  obligation of confidentiality to the Designating Party.

15                **DESIGNATING DISCOVERY MATERIAL**

16      25.    Confidentiality Designations.  Except as otherwise provided in this Order, or as

17  otherwise stipulated or ordered, the Producing Party may designate Discovery Material—

18  including, without limitation, any Document, information, thing, interrogatory answer,

19  admission, pleading, or testimony—as Confidential, Highly Confidential – Attorneys' Eyes

20  Only, or Highly Confidential – Outside Counsel Only by clearly labeling the material before it

21  is disclosed or produced, per the below specifications.  The Producing Party shall apply a

22  Confidentiality Designation only when it has a reasonable, good faith belief that the designated

23  information is Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly

24  Confidential – Outside Counsel Only.  The Receiving Party shall treat Protected Material as

25  proprietary information, and shall neither use nor disclose the information except for the

26  purposes set forth in this Order, or by orders issued by the Court during this Litigation.  The

27  protections conferred by this Order cover not only the Protected Material, but also any

28  information copied or extracted from it—including, without limitation, copies, excerpts,

summaries, or compilations—plus testimony, conversations, or presentations by Parties or Counsel to the Court, or in other settings that might disclose the Protected Material.

26.   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

27.   <u>Designation Mechanics.</u>  The designation of materials as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Only" shall be made as follows:

(a)   For produced Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall, prior to production: (i) take reasonable steps to determine the extent to which requested materials contain information that qualifies for protection under this Order, and (ii) affix the appropriate Confidentiality Designation on each page of any Document that contains Protected Material.  However, in the event that a Party or non-party makes Discovery Material available for inspection (i.e., prior to production), that Party or non-party need not designate that Discovery Material for protection until after the inspecting Party has indicated which Documents or other materials it would like copied and produced.  During the inspection, all Discovery Material made available for inspection shall be deemed Highly Confidential – Outside Counsel Only unless otherwise designated at that time.

(b)   For written discovery responses, the Producing Party shall imprint the word(s) "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Only" next to (or above) any

1    response to a discovery request or, alternatively, on each page of a

2    response to a discovery request.

3    (c)    For deposition testimony, all such testimony shall initially be deemed

4    Highly Confidential – Outside Counsel Only.  The Party or non-party

5    who wishes to designate testimony as Confidential, Highly Confidential –

6    Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Only

7    shall have thirty (30) days after the court reporter issues the final transcript

8    to: (i) identify the specific portions of the testimony for which protection

9    is sought, and (ii) specify the Confidentiality Designation(s) asserted.

10    Only those portions of the testimony that are appropriately designated for

11    protection within the thirty (30) day time period specified above shall

12    remain covered by the provisions of this Order.

13    (d)    To the extent that Discovery Material is produced in a form rendering it

14    impractical to label—e.g., information stored in native format, or other

15    ESI produced on electronic or magnetic media—the Producing Party may

16    designate such material by: (i) providing the Receiving Party with a cover

17    letter referring generally to the Confidentiality Designation(s) for the

18    Discovery Material, or (ii) affixing a label containing the appropriate

19    Confidentiality Designation to the production media, and (if applicable)

20    providing the Confidentiality Designation as a metadata field in the related

21    load file.  Whenever a Receiving Party reduces such Discovery Material to

22    any other form (e.g., hard-copy), the Receiving Party shall mark that form

23    with the appropriate Confidentiality Designation, if applicable.

24    (e)    To the extent that any Receiving Party (or any Receiving Party's Counsel)

25    establishes or maintains Protected Material for review on any electronic

26    system, that Party and/or its Counsel must (i) take all reasonable steps to

27    ensure that access to such media is properly restricted to those persons

28    who, by the terms of this Order, may have access to Protected Material,

1    and (ii) affix a label with the appropriate Confidentiality Designation(s) to

2    any media containing such Protected Material (e.g., a DVD or hard drive).

3    28.    <u>Inadvertent Failure to Designate.</u>  Any Discovery Material produced by a Party or

4    non-party that should have been designated Protected Material, but is inadvertently produced

5    without a Confidentiality Designation (or without the appropriate Confidentiality Designation),

6    may subsequently be designated as Protected Material (or re-designated with the appropriate

7    Confidentiality Designation).  Any Party that seeks to so designate (or re-designate) Discovery

8    Material already produced must, within thirty days (30) days after discovering the inadvertent

9    production (or incorrect designation), provide, at its own expense, substitute Discovery Material

10   bearing the appropriate Confidentiality Designation.  Upon receipt of the substitute Discovery

11   Material, each Receiving Party must (a) return or destroy all copies of the undesignated (or

12   wrongly designated) Discovery Material, and (b) confirm, in a letter to the Producing Party's

13   Outside Counsel, that it has done so—except where the Discovery Material has already been

14   submitted to the Court, introduced at a hearing, or marked as an exhibit at a deposition.  If a

15   Document has been marked as an exhibit at a deposition before the substitute Discovery Material

16   is provided, each Receiving Party must note the appropriate Confidentiality Designation on the

17   exhibit in lieu of destroying the exhibit.

18                    **ACCESS TO AND USE OF PROTECTED MATERIAL**

19   29.    <u>Disclosure of Confidential Discovery Material.</u>  Unless otherwise ordered by the

20   Court or permitted in writing by each Designating Party, a Receiving Party may only disclose

21   Confidential Discovery Material to:

22            (a)    the Receiving Party's Outside Counsel;

23            (b)    the Receiving Party's In House Counsel who has signed the "Agreement

24                    to Be Bound by Protective Order" (Exhibit A);

25            (c)    any outside Expert or Consultant retained or consulted by Outside

26                    Counsel for purposes of this Litigation who has signed the "Agreement

27                    to Be Bound by Protective Order" (Exhibit A);

28            (d)    any secretarial, paralegal, clerical, duplicating, and data processing

1   personnel of the persons described in subsections (a)-(c), above;

2   (e)   the Court and its personnel in this Litigation, and any relevant appellate

3   court in the event that any appeal is taken in this Litigation;

4   (f)   court reporters, their staffs, and Litigation Consultants and Support

5   Personnel;

6   (g)   authors of the Document;

7   (h)   persons to whom a copy of such Document was disclosed prior to its

8   production in this Litigation;

9   (i)   the Receiving Party's current employees, officers, and directors;

10  (j)   the Producing Party's current employees, officers, and directors;

11  (k)   deponents (including persons whose depositions have been noticed but

12  not yet taken) and trial or hearing witnesses and their counsel in

13  preparation for and/or during deposition, trial, or pretrial hearings in this

14  Litigation, provided that: (i) counsel for the Party intending to disclose

15  Confidential information has a good-faith basis for believing the

16  deponent or witness has prior knowledge of such Confidential

17  information, (ii) the disclosure to such person is limited to that portion of

18  the Document containing the Confidential information that the deponent

19  or witness has prior knowledge of, and (iii) such individuals are first

20  advised that a Protective Order has been entered in this case restricting

21  the disclosure of Protected Material for any purpose other than their

22  testimony in this matter;

23  (l)   vendors retained by or for the Parties to assist in preparing for pretrial

24  discovery, trial, and/or hearings; and

25  (m)   any other person (i) upon the written agreement of the Designating Party,

26  or (ii) pursuant to court order after a regularly-noticed motion and upon a

27  showing of good cause to permit such disclosure.

28  30.   <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Discovery Material</u>.

Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may only disclose Highly Confidential – Attorneys' Eyes Only Discovery Material to:

        (a)    the Receiving Party's Outside Counsel;

        (b)    the Receiving Party's In House Counsel who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    any outside Expert or Consultant retained or consulted by Outside Counsel for purposes of this Litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)    any secretarial, paralegal, clerical, duplicating, and data processing personnel of the persons described in subsections (a)-(c), above;

        (e)    the Court and its personnel in this Litigation, and any relevant appellate court in the event that any appeal is taken in this Litigation;

        (f)    court reporters, their staffs, and Litigation Consultants and Support Personnel;

        (g)    authors of the Document;

        (h)    persons to whom a copy of such Document was disclosed prior to its production in this Litigation;

        (i)    the Producing Party's current employees, officers, and directors;

        (j)    vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings; and

        (k)    any other person (i) upon the written agreement of the Designating Party, or (ii) pursuant to court order after a regularly-noticed motion and upon a showing of good cause to permit such disclosure.

31.    <u>Disclosure of Highly Confidential – Outside Counsel Only Discovery Material</u>. Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may only disclose Highly Confidential – Outside Counsel Only Discovery Material to:

1        (a)     the Receiving Party's Outside Counsel;

2        (b)     any outside Expert or Consultant retained or consulted by Outside

3                  Counsel for purposes of this Litigation who has signed the "Agreement

4                  to Be Bound by Protective Order" (Exhibit A);

5        (c)     any secretarial, paralegal, clerical, duplicating, and data processing

6                  personnel of the persons described in subsections (a)-(b), above;

7        (d)     the Court and its personnel in this Litigation, and any relevant appellate

8                  court in the event that any appeal is taken in this Litigation;

9        (e)     court reporters, their staffs, and Litigation Consultants and Support

10                 Personnel;

11       (f)     authors of the Document;

12       (g)     persons to whom a copy of such Document was disclosed prior to its

13                 production in this Litigation;

14       (h)     the Producing Party's current employees, officers, and directors;

15       (i)     vendors retained by or for the Parties to assist in preparing for pretrial

16                 discovery, trial, and/or hearings; and

17       (j)     any other person (i) upon the written agreement of the Designating Party,

18                 or (ii) pursuant to court order after a regularly-noticed motion and upon a

19                 showing of good cause to permit such disclosure.

20       32.    <u>Advice of Counsel.</u>  This Order shall not bar any attorney—in the course of

21 rendering advice with respect to this Litigation to a client who is a Party—from conveying to that

22 client a general evaluation of Protected Material produced or exchanged herein; provided,

23 however that, in rendering such advice and otherwise communicating with the client, the

24 attorney shall not disclose the specific contents of any Protected Material if such disclosure

25 would be contrary to the terms of this Order.

26       33.    <u>Filing Protected Material.</u>  Without written permission from the Designating Party

27 or a court order secured after appropriate notice to all interested persons, a Party may not file in

28 the public record in this action any Protected Material.  A Party that seeks to file under seal any

Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

**RESPONSIBILITY FOR COMPLIANCE**

34.    The Receiving Party's Counsel who discloses Protected Material shall be responsible for assuring compliance with the terms of this Order with respect to any persons or entities to whom Protected Material is disclosed, and shall obtain and retain the original "Agreement to Be Bound by Protective Order" (Exhibit A) executed by qualified recipients of Protected Material (if such execution was required by the terms of this Order).

35.    Persons who come into contact with Protected Material only for clerical, administrative, stenographic, or court reporting purposes are not required to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

36.    If it comes to a Designating Party's attention that any Protected Material does not in fact qualify for protection, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or amending the Confidentiality Designation.

**CHALLENGES TO DESIGNATION**

37.    Entry of this Order shall be without prejudice to any Party's motion for relief from (or modification of) the provisions herein, or any other motion relating to the production, exchange, or use of Discovery Material.

38.    <u>Timing of Challenges</u>.  Any Party or non-party may challenge a Confidentiality Designation at any time.  Unless a prompt challenge to a Designating Party's Confidentiality Designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

2   challenge a Confidentiality Designation by electing not to mount a challenge promptly after the

3   original Confidentiality Designation is disclosed.

4        39.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

5   process by providing written notice of its disagreement to the Designating Party; that written

6   notice shall, for each objection to a Confidentiality Designation, (a) identify the specific

7   Document (by bates or exhibit number) or transcript excerpt (by page and line number), (b) state

8   the current Confidentiality Designation, and (c) describe why the Party disagrees with that

9   particular designation.   A Party cannot object to a range of Documents, but rather must

10  specifically challenge the Confidentiality Designations for individual Documents or transcript

11  excerpts.  To avoid ambiguity as to whether a challenge has been made, the written notice must

12  also recite that the challenge to the Confidentiality Designation is being made in accordance with

13  this specific paragraph of the Protective Order.   The Parties shall attempt to resolve each

14  challenge in good faith, and must begin the process by conferring directly (in voice-to-voice

15  dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date

16  of service of written notice.  In conferring, the Challenging Party must explain the basis for its

17  belief that the Confidentiality Designation is not proper, and must give the Designating Party an

18  opportunity to review the designated material, to reconsider the circumstances, and, if no change

19  in designation is offered, to explain the basis for the chosen designation.  A Challenging Party

20  may proceed to the next stage of the challenge process only if it has engaged in this meet and

21  confer process first, or establishes that the Designating Party is unwilling to participate in the

22  meet and confer process in a timely manner.

23       40.   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

24  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

25  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-

26  eight (28) days of the initial notice of challenge.   However, if the Designating Party has

27  previously filed two (2) motions to retain confidentiality that have resulted in Court orders

28  upholding the majority of the Confidentiality Designations, the burden shall shift, and the

1  Challenging Party (not the Designating Party) shall be required to file and serve a motion

2  challenging confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

3  79-5, if applicable) within twenty-eight (28) days of the initial notice of challenge.  Each such

4  motion must be accompanied by a competent declaration affirming that the movant has complied

5  with the meet and confer requirements imposed by paragraph 39.  If the Designating Party is

6  required to move to retain confidentiality—and the burden has not shifted to the Challenging

7  Party—failure by the Designating Party to make such a motion, including the required

8  declaration, within twenty-eight (28) days   shall automatically waive the Confidentiality

9  Designation for each challenged designation.   In addition, the Challenging Party may file a

10  motion challenging a Confidentiality Designation at any time if there is good cause for doing so,

11  including a challenge to the designation of a deposition transcript or any portions thereof.  If the

12  burden has shifted to the Challenging Party as described above, failure by the Challenging Party

13  to make such a motion, including the required declaration, within twenty-eight (28) days of the

14  initial notice of challenge shall automatically waive the challenge to each challenged

15  Confidentiality Designation.   Any motion brought pursuant to this provision must be

16  accompanied by a competent declaration affirming that the movant has complied with the meet

17  and confer requirements imposed by paragraph 39.

18      The burden of persuasion in any such challenge proceeding shall be on the Designating

19  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

20  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

21  sanctions.  Unless the Designating Party has waived the Confidentiality Designation by failing to

22  file a motion to retain confidentiality as described above, all parties shall continue to afford the

23  material in question the level of protection to which it is entitled under the Producing Party's

24  designation until the Court rules on the challenge.

25      41.    If the Court orders that challenged Protected Material is not properly

26  designated, the Designating Party shall, at its own expense, reproduce copies of that material

27  with its Confidentiality Designation removed or amended in accordance with the Court's

28  order within fourteen (14) business days or the time set by the Court, whichever is later.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

42.     If a Receiving Party is served with a subpoena, if an order is issued in a separate litigation, or if there is some other form of compulsory process that would compel disclosure of any Protected Material, the Receiving Party must notify the Designating Party in writing within five (5) business days after receiving the subpoena, order, or other form of compulsory process, and shall, to the extent permitted by law, withhold production until any dispute relating to the production of such material is resolved.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

43.     If a Receiving Party learns that it has disclosed Protected Material to any person in any circumstance not authorized under this Order, the Receiving Party must, within five (5) business days of learning of such disclosure: (a) notify the Producing Party in writing (and, if different, the Designating Party) of the unauthorized disclosures and all pertinent facts relating to such disclosures, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use its best, reasonable efforts to retrieve all copies of the Protected Material, (d) inform the person(s) to whom unauthorized disclosures were made of this Order's terms, and (e) request that such person(s) execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

**APPLICATION AND DURATION**

44.     <u>Pre-Trial Application Only</u>.  This Order shall apply to pre-trial proceedings in this Litigation, and shall have no application at trial.  The Parties agree to confer in good faith on a protective order to govern during trial in this Litigation; however, this Order shall remain in effect until an order to govern trial proceedings is entered.  Should the Producing or Designating Party believe any Document warrants protection beyond that described above, the Parties and impacted non-parties shall confer with respect to the treatment of that specific Document.

45.     <u>Third Parties</u>.  The terms of this Order are applicable to information (a) produced by third parties in this Litigation, and (b) designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Only.  The Parties, in conducting discovery from third parties, shall attach a copy of this Protective Order to such

1    discovery requests, subpoenas, or other discovery to apprise them of their rights herein.

2        46.    Duration of Order / Return or Destruction of Protected Material. All provisions

3    herein restricting the use of Protected Material shall continue to be binding after the conclusion

4    of this Litigation, unless otherwise agreed by the Parties or ordered by the Court.  Upon the

5    conclusion of the Litigation, including any appeals, a Party in possession of Discovery

6    Material—other than that which is contained in work product, pleadings, correspondence, or

7    deposition transcripts and exhibits—shall either (a) return such documents no later than sixty

8    (60) days after conclusion of this Litigation to Counsel for the Producing Party, or (b) make

9    reasonable efforts to destroy any Protected Material found in any readily accessible data

10   locations (including active electronic media, but excluding backup tapes and other inactive

11   archival storage media) within sixty (60) days, and certify in writing that the documents

12   (including, without limitation, any copies, abstracts, compilations, summaries, or other forms

13   reproducing or capturing any Discovery Material) have been destroyed.  Notwithstanding this

14   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

15   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

16   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

17   such materials contain Protected Material. Any such archival copies that contain or constitute

18   Protected Material remain subject to this Protective Order.

19       47.    Future Parties.  The terms of this Order shall be binding on all current and future

20   parties to this Litigation and their Counsel.  Within ten (10) business days of the entry of

21   appearance by a new party to this Litigation, Plaintiff's Counsel shall promptly serve a copy of

22   this Protective Order on counsel for any new plaintiff, and Defendant's Counsel shall promptly

23   serve a copy of this Protective Order on counsel for any new defendant.

### ADDITIONAL TERMS

25       48.    No Waiver.  Nothing contained in this Order, and no action taken pursuant to it,

26   shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or

27   discoverability of the confidential documents and information sought.

28       49.    Privilege.  This Order is not intended to govern any protections or restrictions

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED
PROTECTIVE ORDER

related to the production and/or inadvertent production of privileged litigation material. The Parties have separately addressed the process for handling the production and/or inadvertent production of privileged litigation materials in the Stipulated Order Regarding Electronic Discovery.

50.    <u>Jurisdiction</u>.   The Court retains jurisdiction to enforce the terms and conditions of this Order in the event that the Litigation concludes before trial and no additional confidentiality order is entered governing the proceedings as contemplated by paragraph 44.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 1, 2014                       SHARTSIS FRIESE LLP

                                          */s/ Lisa A. Jacobs*
                              By:         LISA A. JACOBS

                                          *Attorneys for Plaintiff*
                                          *Heartland Payment Systems, Inc..*


Dated: July 1, 2014                       LATHAM & WATKINS LLP

                                          */s/ Sarah M. Ray*
                              By:         SARAH M. RAY

                                          *Attorneys for Defendant*
                                          *Mercury Payment Systems, LLC*


Pursuant to Civil Local Rule 5.1, I hereby attest that the concurrence to the filing of this document has been obtained from each of the signatories hereto.

                                          */s/ Sarah M. Ray*

                                          SARAH M. RAY


PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.


Dated: _____        _____

                                          HONORABLE CLAUDIA WILKEN

1

## EXHIBIT A

2

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3

4

    I, _____, acknowledge and agree that I have received and

5

read a copy of the attached Protective Order.  I understand the terms of this Order, and agree to

6

comply with and be bound by this Order.  I further understand and acknowledge that failure to so

7

comply could expose me to sanctions and punishment in the nature of contempt.  I also agree to

8

be subject to the Court's jurisdiction for enforcement of this Order, and understand that the Court

9

may impose sanctions for any violation of this Order.

10

11

Dated: _____

12

13

14

_____

Name (Print)

15

16

_____

Company

17

18

_____

Title

19

20

_____

Address

21

22

_____

Signature

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO