IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEARTLAND PAYMENT SYSTEMS, INC.,

      Plaintiff,

   v.

MERCURY PAYMENT SYSTEMS, LLC,

      Defendant.

_____/

No. C 14-0437 CW

ORDER DENYING
MOTION TO TRANSFER

(Docket No. 19)

    Plaintiff Heartland Payment Systems (Heartland) asserts various unfair business practice claims against Defendant Mercury Payment Systems (Mercury).  Mercury moves to transfer the case to the District of Colorado under 28 U.S.C. § 1404(a) (Docket No. 19).  Heartland opposes.  Having considered the papers, the Court DENIES the motion to transfer.

BACKGROUND

    On January 29, 2014, Heartland, a New Jersey-based company incorporated in Delaware, filed a complaint against Mercury, a Colorado-based company incorporated in Delaware, alleging various unfair business practices claims.  The complaint was brought in the Northern District of California.

    Both parties are payment processors who provide businesses, known as merchants, point-of-sale (POS) systems.  Compl. ¶ 11.  POS systems enable merchants to accept credit cards and debit cards.  Id. at ¶ 9.  Through POS systems, banks and credit card brands are able to receive their fees, merchants are able to

1  receive the proceeds from the sale, and consumers have their

2  accounts charged.  Id.

3      The complaint alleges that Mercury engages in unfair business

4  practices in violation of federal and California law.  Both

5  companies use, although not exclusively, an "interchange-plus

6  pricing model."  Id.  According to this model, banks and credit

7  card brands charge a fee, typically as a percentage of the

8  transaction plus a per-transaction fee.  Id. at ¶ 16.  POS systems

9  providers then charge an additional fee to the merchants as the

10 cost for being the intermediary between the banks, credit card

11 brands and the merchants.  Id.  The interchange fee is that which

12 is charged by the banks and credit card brands, and is not

13 controlled by the POS systems providers.  Id.  The "plus" fee is

14 controlled by the POS system providers.  Id.

15     Heartland alleges that Mercury deceptively inflates the

16 interchange fee when presenting its pricing and billing to

17 merchants and prospective merchants.  Id.  Rather than disclosing

18 an increase in the "plus" fee, Heartland alleges that Mercury

19 instead represents that any increase in the interchange-plus fee

20 is due to the banks and credit card brands increasing the

21 interchange fee.  Id.

22     Heartland's claims center on how Mercury prices and bills its

23 services to merchants, as well as how it advertises its services.

24 Id. at ¶¶ 18-38.  Heartland asserts five causes of action against

25 Mercury: (1) false advertising in violation of 15 U.S.C.

26 § 1125(a)(1)(B) (Lanham Act); (2) unfair competition in violation

27 of California's Unfair Competition Law, Business and Professions

28 Code section 17000 et seq. (UCL); (3) false advertising in

2

1  violation of California Business and Professions Code section

2  17500 <u>et</u> <u>seq.</u>; (4) intentional interference with contractual

3  relations; and (5) intentional interference with prospective

4  economic advantage.

5                               LEGAL STANDARD

6       "For the convenience of parties and witnesses, in the

7  interest of justice, a district court may transfer any civil

8  action to any other district or division where it might have been

9  brought or to any district or division to which all parties have

10 consented."  28 U.S.C. § 1404(a).  "Under § 1404(a), the district

11 court has discretion to adjudicate motions for transfer according

12 to an individualized, case-by-case consideration of convenience

13 and fairness.  A motion to transfer venue under § 1404(a) requires

14 the court to weigh multiple factors in its determination whether

15 transfer is appropriate in a particular case."  <u>Jones v. GNC</u>

16 <u>Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000).  "To support

17 a motion for transfer, the moving party must establish: (1) that

18 venue is proper in the transferor district; (2) that the

19 transferee district is one where the action might have been

20 brought; and (3) that the transfer will serve the convenience of

21 the parties and witnesses and will promote the interest of

22 justice."  <u>Reflex Packaging, Inc. v. Audio Video Color Corp.</u>, 2013

23 WL 5568345, at *2 (N.D. Cal.) (citations omitted).

24     The Ninth Circuit considers the following factors to

25 determine whether to transfer venue: "(1) plaintiff's choice of

26 forum, (2) convenience of the parties, (3) convenience of the

27 witnesses, (4) ease of access to the evidence, (5) familiarity of

28 each forum with the applicable law, (6) feasibility of

consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." Id. (citing Jones, 211 F.3d at 498-99.) "The burden is on the defendant to show that, of the relevant factors, the balance of convenience weighs in favor of transfer to another district." TransPerfect Global, Inc. v. Motionpoint Corp., 2010 WL 3619565, at *2 (N.D. Cal.) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

ANALYSIS

Mercury argues that the District of Colorado is a proper venue, that convenience factors overwhelmingly favor the transfer and that the interests of justice favor the transfer to discourage forum-shopping.

I. Proper Venue

As an initial matter, the Court finds that venue is proper either in this district or in the District of Colorado. Both districts have personal jurisdiction over the parties. The parties agree that they both have sufficient contacts in both states, and that those contacts satisfy the personal jurisdiction "minimum contacts" analysis. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). In addition, the Court finds that courts in both venues have subject matter jurisdiction over this case, both diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. Given that both fora have subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the Court finds that

United States District Court
For the Northern District of California

courts in both venues have supplemental jurisdiction over the

state claims.  28 U.S.C. § 1367.

II. Convenience Factors

"Once venue is determined to be proper in both districts, the

Court evaluates which venue is more convenient to the parties and

the witnesses."  Reflex Packaging, 2103 WL 5568345, at *3.

Mercury argues that "convenience factors overwhelmingly favor

transfer," because "the alleged acts giving rise to the claims

occurred in Colorado, the majority of witnesses (party and

nonparty) reside in Colorado, and virtually all documentary

evidence is located in Colorado."  Docket No. 19 at 8.  Heartland

counters that this district is the most convenient venue because

it is its preferred forum, many of the acts in question occurred

in California, and many third-party witnesses and evidence is

located here.

A. Heartland's choice of forum

The plaintiff's choice of forum is generally given deference.

Jones, 211 F.3d at 498-99.  Mercury alleges that Heartland's

choice of forum should be given little weight because "the

operative facts giving rise to this complaint occurred in

Colorado."  Docket No. 19 at 14.  "If the operative facts have not

occurred within the forum of original selection and that forum has

no particular interest in the parties or the subject matter, the

plaintiff's choice is entitled only to minimal consideration."

Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir.

1968).

The operative acts alleged in the complaint occurred in

California.  The crux of Heartland's suit is that Mercury engaged

United States District Court
For the Northern District of California

5

in deceptive business practices; because California accounts for a
sizable percentage of each entity's business, Heartland alleges
that much of the deceptive practices occurred in California.
Furthermore, Heartland provides, with specificity, the names of
California merchants Mercury allegedly deceived.  Thus, this
factor weighs against transfer.

B. Convenience of the parties

Mercury argues that it will be inconvenient to litigate this
matter in this district.  Mercury is headquartered in Colorado,
and has no offices in California.  Heartland has, however, two
offices in California and 181 employees in the state.  It has only
one Colorado office.  Transferring this case to the District of
Colorado would shift the inconvenience of one party to the other
party.  See STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556
(N.D. Cal. 1988) ("If the gain of convenience to one party is
offset by the added inconvenience to the other, the courts have
denied transfer of the action.")  Thus, this factor weighs against
transfer.

C. Convenience to witnesses

1. Party witnesses

The convenience of witnesses is often the most important
factor in deciding whether to transfer an action.  Getz v. Boeing
Co., 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008).  The convenience
of witnesses includes "a separate but related concern, the
availability of compulsory process to bring unwilling witnesses
live before the jury."  Brackett v. Hilton Hotels Corp., 619 F.
Supp. 2d 820, 820 (N.D. Cal. 2008).  The Court, however, discounts
inconvenience to the parties' employees, whom the parties can

United States District Court
For the Northern District of California

1  compel to testify.  See STX, Inc., 708 F. Supp. at 1556.

2      Mercury argues that it would be inconvenient for it to

3  litigate in this district because "key party . . . witnesses in

4  this case reside in Colorado."  Docket No. 19 at 9.  Specifically,

5  it argues that its "employees . . . will be the key witnesses in

6  this case," and that "virtually all of Mercury's current employees

7  live and work in Colorado."  Id.  Heartland has, however, 181

8  employees residing in California, including its Executive Director

9  of Business Development, who will likely be called to testify.

10 Given that the Court discounts the inconvenience to Mercury's

11 employees, this factor weighs against transfer.

12     2. Non-party witnesses

13     As stated above, the convenience of witnesses is often the

14 most important factor in deciding whether to transfer an action.

15 Mercury points to its former employees, including former sales

16 executives, as some of the "key witnesses" in this case.  Mercury

17 rightly points out that Colorado non-party witnesses cannot be

18 compelled to appear in this Court.  Fed. R. Civ. P. 45(c).  It has

19 not stated, however, why the former employees would have

20 information its current employees lack.  In other words, Mercury

21 has not shown how the inability to compel the non-party witnesses

22 would lead to unfair prejudice.

23     On the other hand, Heartland has identified several

24 California witnesses, including merchants, who can be compelled to

25 appear in this Court.  Given that Heartland's allegations arise

26 out of events that occurred in California, and that the deceptive

27

28

**United States District Court**
For the Northern District of California

practices have California "victims" whom Heartland will likely call to testify, California is more convenient to potential non-party witnesses.  Thus, this factor weighs against transfer.

D. Access to evidence

The "costs of litigation can . . . be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013).  The weight of this factor has decreased, however, as technological advances in document storage and retrieval have greatly reduced the burden of transporting documents between districts.  Brackett, 619 F. Supp. 2d at 820; David v. Alphin, 2007 WL 39400, at *3 (N.D. Cal.) ("with technological advances in document storage and retrieval, transporting documents does not generally create a burden").

Mercury claims that "the sources of proof are almost exclusively located in Colorado."  Docket No. 19 at 12.  These sources include "advertising and promotional materials," its website and social media communications.  Id.  Mercury admits, however, that key evidence -- "monthly billing statements" -- is printed in Michigan.  Id.  Even assuming those monthly statements are not electronically stored (which is unlikely), the cost of transmitting that evidence from Michigan to Colorado will be equivalent to the cost of transmitting it from Michigan to California.  Thus, this factor is neutral.

United States District Court
For the Northern District of California

1    E. Forum's familiarity with the applicable law

2    Four of Heartland's five causes of action arise out of

3    alleged violations of California law.  While Mercury rightly

4    states that the District of Colorado would have jurisdiction over

5    Heartland's state claims and would apply California law, it is

6    clear that this Court is more familiar with California law than

7    any non-California district court.  See In re Ferrero Litig., 768

8    F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) ("A California district

9    court is more familiar with California law than district courts in

10   other states").  Thus, this factor weighs against transfer.

11   F. Feasibility of consolidation

12   There are no related cases pending in the federal District of

13   Colorado.  Thus, the factor is neutral.

14   G. Local interest in the controversy

15   This Court has held that when the case implicates the rights

16   of a state's residents, a court in that state has a greater

17   interest in the dispute than a court in another state.

18   Transperfect, 2010 WL 36195565, at *4.  Here, Heartland has

19   alleged that the rights of California residents are implicated, as

20   they have been the victims of unfair and deceptive business

21   practices.  Mercury does not dispute that the rights of California

22   residents are implicated, nor does it assert that the rights of

23   Colorado residents are at stake.  Thus, this factor weighs against

24   transfer.

25

26

27

28

H. Relative court congestion

Heartland alleges that the median time from filing a complaint to trial is similar in both districts (24.6 months in this district, and 24.4 months in the District of Colorado.)  The backlogs are not significantly disproportionate; thus, this factor is neutral.

III. Forum-Shopping

"Evidence of forum-shopping by a plaintiff supports a defendant's motion to transfer venue."  <u>Lucas v. Daiichi Sankyo Co.</u>, 2011 WL 2020443, at *4 (N.D. Cal.).

Mercury argues that "the interests of justice favor transfer to discourage forum-shopping."  Docket No. 19 at 15.  It asserts that the parties and the subject matter "are disconnected from California" and "have nothing to do with California."  <u>Id.</u> Heartland has alleged, however, that many of the operative acts occurred in California, and that both parties have contacts in the state.  Courts have found evidence of forum shopping when a party does not reside in the district, <u>see id.</u>, or when, in a class action, the class members reside outside of the state, <u>see Wilson v. Walgreen Co.</u>, 2011 WL 4345079, at *3 (N.D. Cal.).  While Heartland does not reside in this district, it does have significant contacts in the district due to its California office and employees.  Thus, the Court does not find sufficient evidence to support an inference that Heartland is forum-shopping.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1   IV. Balancing of Factors

2       All of the factors weigh against transfer or are neutral.

3   Thus, Mercury has failed to show that the balance of

4   inconveniences favors transfer to the District of Colorado.

5                           CONCLUSION

6       For the foregoing reasons, Mercury's motion to transfer

7   (Docket No. 19) is DENIED.

8

9       IT IS SO ORDERED.

10

11  Dated:  November 4, 2014

12                                  CLAUDIA WILKEN
                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28