IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEARTLAND PAYMENT SYSTEMS, INC.,            No. C 14-0437 CW

Plaintiff and Counter-Defendant,            ORDER ON MOTIONS TO SEAL

v.

MERCURY PAYMENT SYSTEMS, LLC,

Defendant and Counter-Claimant.

_____/

    Before the Court are administrative motions to seal Defendant and Counter-Claimant Mercury Payment Systems' unredacted Amended Answer, Affirmative Defenses and Counterclaims to Heartland's First Amended Complaint (Docket No. 109), Plaintiff and Counter-Defendant Heartland Payment Systems' Motion to Dismiss Mercury's Counterclaims and to Strike Mercury's Unclean Hands Affirmative Defense (Docket No. 112) and Mercury's Opposition to Heartland's Motion to Dismiss and to Strike (Docket No. 120).

    Pursuant to Civil Local Rule 79-5, a party seeking to file a document under seal must establish that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  The request must be "narrowly tailored" to cover only "sealable material."  Id.

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).  "Unless a

particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party seeks to seal information attached to a dispositive motion, that party must "'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (quoting Foltz, 331 F.3d at 1135) (brackets omitted). Resolving "a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. at 1179 (citation omitted).

I. Mercury's Motion to File Under Seal Amended Answer, Affirmative Defenses, and Counterclaims to Heartland's First Amended Complaint

Mercury moves to file under seal an unredacted version of its Amended Answer, Affirmative Defenses and Counterclaims and exhibits attached to them (Docket No. 109). Mercury bases this motion on Heartland's previous designation of certain documents as subject to the parties' protective order. Heartland submitted a declaration specifying bases for maintaining certain materials under seal. Docket No. 111, Declaration of Kajsa M. Minor.

The Court applies the "compelling reasons" standard and makes the following rulings. See Delfino Green & Green v. Workers Compensation Sols., LLC, 2015 WL 4235356, at *2 (N.D. Cal.) ("Because Plaintiff's complaint and Defendant's answer and counter-claim are the pleadings on which this action is based, the

Court applies the 'compelling reasons' standard to Defendant's motions to seal.").

Mercury's Second Affirmative Defense: Unclean Hands

| Material | Ruling |
|---|---|
| Page 15:9-14 beginning with "A document produced" and ending with "under Heartland's Interchange Plus Pricing" | GRANTED, because the lines describe proprietary pricing information and communications about pricing ("with the expectation of confidentiality," Minor Dec. ¶ 3), which Heartland asserts "could be used by competitors to undercut Heartland and expose Heartland to risk of competitive harm," id. ¶ 6. |
| Page 15:14-18 beginning with "An advertisement produced" and ending with "a small merchant"[1] | DENIED, because Heartland's declaration does not support sealing, id. ¶ 7. |
| Page 15:18-16:1 beginning with "Heartland also offers" | GRANTED, because the lines describe proprietary pricing information and communications about pricing ("with the expectation of confidentiality," id. ¶ 3), which Heartland asserts could result in competitive harm if disclosed, id. ¶ 8. |
| Page 16:18-19 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 9. |
| Page 17:14-21 and 17:22-23 ending with "email to Heartland" | GRANTED, because the lines "reveal the identity of a Heartland customer who is not a party to this lawsuit, that customer's confidential communications with Heartland, and certain purported terms of that customer's agreement with Heartland, without consent of the customer," id. ¶ 10. Also, because the portion to be sealed is an example of a practice that otherwise is described in non-sealed portions of the Amended Counterclaims about whether Heartland charges a termination fee without previously disclosing it, the public interest in the sealed information is minimal. See Affirmative Defenses ¶ G; Music Grp. Macao Commercial Offshore Ltd. v. Foote, 2015 WL 3993147, at *2 (N.D. Cal.). |
| Page 17:23-27 | DENIED, because Heartland's declaration does |

---

[1] Heartland's declaration first refers to the information on Page 15:18-20 as not sealable, see id. ¶ 7, and, then, sealable, see id. ¶ 8. The Court reads the reasons to seal in paragraph eight to apply to Page 15:18-20.

3

| Material | Ruling |
|---|---|
| beginning with "Even the smallest" | not support sealing, Minor Dec. ¶ 11. |

Mercury's Counterclaim: Heartland's Literally False or Misleading Advertising Claims

| Material | Ruling |
|---|---|
| Page 27:6-14 ending with "Interchange Plus Pricing" | GRANTED, because the lines describe proprietary pricing information and communications about pricing ("with the expectation of confidentiality," Minor Dec. ¶ 3), which Heartland asserts could result in competitive harm if disclosed, id. ¶ 12. |
| Page 27:14-15 beginning with "A document produced" and ending with "HPS084703" | DENIED, because Heartland's declaration does not support sealing, id. ¶ 13. |
| Page 29:9-14 (para. 32) and Exhibit C | DENIED, because Heartland's declaration does not support sealing, id. ¶ 14. |
| Page 29:15-21 (para. 33) | GRANTED, because the lines describe proprietary pricing information and communications about pricing ("with the expectation of confidentiality," id. ¶ 3), which Heartland asserts could result in competitive harm if disclosed, id. ¶ 15. |
| Page 30:21 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 16. |

| | |
|---|---|
| Page 32:18-33:8 | GRANTED IN PART and DENIED IN PART.  Page 32:18-24 describes proprietary pricing information and communications about pricing ("with the expectation of confidentiality," id. ¶ 3), which Heartland asserts could result in competitive harm, if disclosed, id. ¶ 17.  However, Page 32:25-33:8 describes the name of a new fee, internal Heartland communications about the importance of the fee and internal Heartland communications about how it expected customers to react to the fee.  Although Heartland identifies an interest in maintaining communications about its pricing strategy confidential, the information is relevant to Mercury's theory of how the name of the fee is deceptive for its "fair and upfront pricing" and Unfair Competition Law (UCL) claims and, thus, there is a strong public interest in the information.  See Kamakana, 447 F.3d at 1179.  Cf. In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" (quoting Restatement of Torts § 757, cmt. B)).  Also, Heartland's prior motion to dismiss referred to this fee by name and argued that Mercury "ignore[d] that Heartland specifically discloses this fee in Heartland's Merchant Application and identifies it as a fee charged by Heartland[.]"  Docket No. 94, Heartland's Motion to Dismiss at 8.  Finally, Heartland has not explained precisely how the information on Page 32:25-33:8 would be used by competitors to harm it.  Thus, Heartland provides sufficiently compelling reasons to seal lines revealing pricing terms, but not lines revealing how Heartland expected customers to react to it. |

| | | |
|---|---|---|
| | Page 33:14-18 ending with "HPS082903." | GRANTED, because the lines describe proprietary pricing information and Heartland's financial situation, which Heartland asserts could result in competitive harm if disclosed. Id. ¶ 18. Yet, given that this information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, the public interest in disclosure might outweigh the reasons Heartland provides for sealing later in the litigation. See Music Grp. Macao, 2015 WL 3993147, at *6 ("It may well be that, as this case progresses the balance shifts in favor of disclosure."). |
| | Page 33:18-26 beginning with "One Heartland executive" | DENIED. Heartland asserts that these lines "describe proprietary pricing terms and formulas and compilations of information used by Heartland in its business which give Heartland an opportunity to obtain an advantage over competitors who do not know or use it," and contain pricing strategy information that competitors could use to undercut Heartland. Id. ¶ 19. Yet the lines refer to how Heartland benefited from the fee, how it should use or adjust the fee and how it should explain the fee to customers, all of which relate to the merits of Mercury's "fair and upfront pricing" and UCL claims and, thus, there is a strong public interest in the information. See Kamakana, 447 F.3d at 1179. In addition, Heartland has not explained precisely how the information would be used by competitors to harm it. |
| | Page 37:9-38:2 | GRANTED IN PART and DENIED IN PART. Heartland explains that the lines reveal confidential nonparty customers' information without the customers' consent. Minor Dec. ¶ 20. Yet this reason only justifies redacting the names of the customers. Thus, the motion to seal is GRANTED to the extent the names are redacted, but DENIED as to the information about the customers' interactions with Heartland. |
| | Page 38:3-4 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 21. |
| | Page 38:10-12 and Exhibit C | DENIED, because Heartland's declaration does not support sealing, id. ¶ 22. |

| | |
|---|---|
| Page 38:12-20 beginning with "Heartland's 'Monthly Minimum'" | GRANTED, because the lines contain proprietary pricing information and communications about pricing, which Heartland asserts could result in competitive harm if disclosed, and because the lines reveal confidential nonparty customers' information without the customers' consent. Minor Dec. ¶ 23. Yet, given that non-customer-identifying information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, the public interest in disclosure might outweigh the reasons Heartland provides for sealing later in the litigation. See Music Grp. Macao, 2015 WL 3993147, at *6. |
| Page 38:23-25 | DENIED, because Heartland's declaration does not support sealing, Minor Dec. ¶ 24. |
| Page 38:28-39:1 | GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent the lines reveal confidential nonparty customer information without the customer's consent. Id. ¶ 25. However, this reason only justifies redacting the customer's name. Thus, the motion to seal is GRANTED to the extent the name is redacted, but DENIED with regard to the information about the customer's interactions with Heartland. |
| Page 39:2-8 | DENIED, because these lines describe whether a given regulation existed in an industry and Heartland communications about how customers have reacted to a fee. Although Heartland identifies an interest in maintaining communications about its pricing strategy confidential, the name of the fee, how customers react to it and Mercury's theory of how it is deceptive relate to the merits of Mercury's "fair and upfront pricing" and UCL claims and, thus, there is a strong public interest in the information. See Kamakana, 447 F.3d at 1179. Also, Heartland has not explained precisely how the information would be used by competitors to harm it. Thus, Heartland fails to provide sufficiently compelling reasons to seal lines revealing how Heartland characterizes its pricing and how customers react to it. |
| Page 43:26-44:1 | DENIED, because Heartland's declaration does not support sealing, Minor Dec. ¶ 27. |

| | |
|---|---|
| Page 44:3-24 and Exhibit F | GRANTED.  Heartland characterizes this information as internal documents and communications between Heartland and customers that demonstrate "Heartland's marketing and communications strategy."  Id. ¶ 28.  Also, there appears to be minimal public interest in this information because, although it relates to Mercury's defamation claim by describing Heartland's marketing and communication strategy, the basis for that claim is the content of an advertisement—"Pennies Add Up"—that is not sealed.  Accordingly, the balance favors sealing the material at this time. |

II.   Heartland's Motion to File Under Seal Motion to Dismiss

Heartland moves to file under seal portions of its motion to dismiss Mercury's Amended Counterclaims and Memorandum of Points and Authorities, and portions of the Declaration of Lisa A. Jacobs in support of the motion to dismiss (Docket No. 112).  The Court applies the "compelling reasons" standard and makes the following rulings.

Heartland's Motion to Dismiss

| Material | Ruling |
|---|---|
| Page 7:24-26 | GRANTED.  The lines contain information about "Heartland's pricing strategy and billing methodology," which Heartland asserts could result in competitive harm if disclosed, and reveal confidential nonparty customer information without the customer's consent.  Docket No. 112-1, Declaration of Kajsa M. Minor ¶ 5.  Yet, given that this information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, the public interest in disclosure might outweigh the reasons for sealing later in the litigation.  See Music Grp. Macao, 2015 WL 3993147, at *6. |

| | |
|---|---|
| Page 16:6-14 | GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent it redacts "the identity of two Heartland customers who are not parties to this lawsuit, those customer[s'] confidential interactions with Heartland, and the terms of those customer[s'] agreements with Heartland, without consent of those customers," Minor Dec. ¶ 6.  Redaction may prevent disclosure of their identities.  The motion otherwise is DENIED.  Although Heartland identifies an interest in maintaining communications about its pricing strategy confidential, the lines refer to Mercury's allegations about Heartland's disclosures to merchants and a refund Heartland provided to an unidentified merchant and, thus, relate to the merits of Mercury's "fair and upfront pricing" claim and support a strong public interest in the information.  See Kamakana, 447 F.3d at 1179.  Also, Heartland has not explained precisely how the information would be used by competitors to harm it. |
| Page 17:6-15 and 17:25-18:1 | GRANTED.  The lines contain information about "Heartland's pricing strategy and billing methodology," which Heartland asserts could result in competitive harm if disclosed, and reveal confidential nonparty customers' information without the customers' consent.  Minor Dec. ¶ 7.  Yet, given that this information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, public interest in disclosure might outweigh the reasons for sealing later in the litigation.  See Music Grp. Macao, 2015 WL 3993147, at *6. |
| Pages 24:18-24, 25:2-3, 25:10-12 and 25:14-16 | GRANTED.  The lines contain information about "Heartland's pricing strategy and billing methodology," which Heartland asserts could result in competitive harm if disclosed.  Minor Dec. ¶ 8.  Yet, given that this information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, the public interest in disclosure might outweigh the reasons for sealing later in the litigation.  See Music Grp. Macao, 2015 WL 3993147, at *6. |

9

Jacobs Declaration

| Material | Ruling |
|---|---|
| Exhibit 4 | GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent it redacts information revealing confidential nonparty customer information without the customer's consent.  Minor Dec. ¶ 9.  That reason justifies redacting information that would reveal the identity of the customer.  However, the motion otherwise is DENIED because the exhibit contains additional information that appears unrelated to such identifying information, e.g., names of deposits and fees.  To the extent Heartland asserts that "Mercury produced this document in the litigation and designated it 'Confidential' pursuant to the Stipulated Protective Order," id., Mercury has not filed a declaration in support of sealing. |

III. Mercury's Motion to File Under Seal Opposition to Motion to Dismiss Under Seal

Mercury moves to file under seal an unredacted version of its opposition to Heartland's motion to dismiss (Docket No. 120). Mercury bases this motion on Heartland's previous designation of the documents at issue as subject to the parties' protective order.  Heartland submitted a declaration specifying bases for maintaining certain materials under seal, while indicating that other materials need not remain under seal.  Docket No. 122, Declaration of Kajsa M. Minor.  The Court applies the "compelling reasons" standard and makes the following rulings.

| Material | Ruling |
|---|---|
| Page 8:23-24 | DENIED, because Heartland's declaration does not support sealing, Minor Dec. ¶ 6. |
| Page 10:5-7 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 7. |
| Page 13:16-17 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 8. |
| Page 13:22-23 | DENIED, because Heartland's declaration does not support sealing, id. ¶ 9. |

10

| | |
|---|---|
| Page 13:25-26 | GRANTED, because the lines describe proprietary pricing information and Heartland's financial situation, which Heartland asserts could result in competitive harm if disclosed. Id. ¶ 10.  Yet, given that this information ultimately may be relevant to Mercury's "fair and upfront pricing" claim, the public interest in disclosure might later outweigh the reasons for sealing. See Music Grp. Macao, 2015 WL 3993147, at *6. |
| Page 13:28-14:2 | DENIED.  Heartland asserts that the lines contain pricing strategy information "which, if made public, could be used by competitors to undercut Heartland and expose Heartland to risk of competitive harm."  Minor Dec. ¶ 11.  Yet the lines describe internal Heartland communications about how it expected customers to react to a fee.  Although Heartland identifies an interest in maintaining communications about its pricing strategy confidential, the information is relevant to Mercury's theory of how the name of the fee is deceptive for the merits of Mercury's "fair and upfront pricing" and UCL claims and, thus, there is a strong public interest in the information.  See Kamakana, 447 F.3d at 1179.  Also, Heartland has not explained precisely how the information about how it perceived customers would react to the fee would be used by competitors to harm Heartland.  Thus, Heartland provides insufficient reason to seal lines revealing how Heartland characterizes its pricing and expected customers to react. |

| | |
|---|---|
| Page 14:17-24 | GRANTED IN PART and DENIED IN PART. Heartland explains that the lines reveal confidential nonparty customers' information without the customers' consent. Minor Dec. ¶ 12. Yet this reason only justifies redacting the names of the customers. To the extent Heartland also asserts that the lines describe "Heartland's pricing strategy and billing methodology with respect to certain merchants," and that revealing this information could result in competitive harm, id., Heartland fails to show compelling reason to seal the remainder of the information. The lines describe merchants complaining that they were charged an early termination fee that Heartland previously had not disclosed, allegations relevant to Mercury's "fair and upfront pricing" and UCL claims and, thus, supporting a strong public interest in the information. See Kamakana, 447 F.3d at 1179. Also, Heartland has not explained precisely how the information about customer complaints would be used by competitors to harm Heartland. Thus, the motion to seal is GRANTED to the extent the names are redacted, but DENIED with regard to the remainder of the information about the customers' complaints. |
| Page 15:5-6 | GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent the lines reveal confidential nonparty customer information without the customer's consent, Minor Dec. ¶ 25. However, this reason only justifies redacting the name of the customer. Thus, the motion is GRANTED to the extent the name is redacted, but DENIED with regard to the remainder of the information about the customer's interactions with Heartland. |

12

| Page 15:13-17 | DENIED.  These lines describe whether a given regulation existed in an industry and Heartland communications about how customers have reacted to a fee.  Although Heartland identifies an interest in maintaining communications about its pricing strategy confidential, the name of the fee, how customers react to it and Mercury's theory of how it is deceptive relate to the merits of Mercury's "fair and upfront pricing" and UCL claims and, thus, there is a strong public interest in the information.  See Kamakana, 447 F.3d at 1179.  Also, Heartland has not explained precisely how the information would be used by competitors to harm it.  Thus, Heartland fails to provide sufficiently compelling reasons to seal lines revealing how Heartland characterizes its pricing and how customers react to it. |
|---|---|

CONCLUSION

For the reasons above, the Court GRANTS IN PART and DENIES IN PART the motions to seal (Docket Nos. 109, 112, 120).  If either party believes there are particularized compelling reasons to seal the portions for which the Court denies the motions, it must file within four days of the date this Order issues a supplemental declaration addressing the deficiencies identified above.  If neither party does so, then within ten days of the date this Order issues the parties shall file public versions of the documents addressed above in compliance with this Order and the District's Civil Local Rules 79-5(e)(2) and (f)(1)-(3).

IT IS SO ORDERED.

Dated: April 8, 2016

CLAUDIA WILKEN
United States District Judge